# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## MICHAEL J. KAREL, ET AL v. WILLIAM STEVEN CUMMINGS, ET AL.

### Appeal from the Chancery Court for Tipton County
### No. 29092    Martha Brasfield, Chancellor

_____

### No. W2014-01063-COA-R3-CV – Filed July 16, 2015
_____

Because the order appealed is not a final judgment, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J.,W.S., and KENNY ARMSTRONG, J.

Larry A. Weissman, Memphis, Tennessee, for the appellants, Michael J. Karel and Joy A. Karel.

Kasey Ann Culbreath, Atoka, Tennessee, for the appellee, William Steven Cummings.

TaKeisha Moses Richardson, Memphis, Tennessee, for the appellee, Richard D. Dickerson.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By Order entered on September 11, 2014, the Court directed Appellants Michael J. Karel and Joy A. Karel to obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. The Court noted in the Order that we could find nothing in the record reflecting that the trial court adjudicated the counter-complaint filed by Defendant/Appellee Richard D. Dickerson, as set forth in the "Answer to Complaint for Declaratory Judgment and Counter-Complaint" filed in the trial court on May 9, 2012.

Appellants filed a response to our Order on September 24, 2014, wherein Appellants submitted that the trial court's March 6, 2014 order dismissed Appellants' complaint for failure to prosecute and "also implicitly dismissed Appellees' counter-complaint by its concluding words which read '[a]ll further proceedings are now properly in the General Sessions Court.'" Appellants also pointed out that the trial court denied their Motion for Relief from Judgment by order entered on April 11, 2014, and stated therein "[t]he next document filed in this lawsuit by the Plaintiffs shall be a Notice of Appeal."

We did not agree that the wording of the trial court's orders "implicitly" dismissed Appellee's counter-complaint. Consequently, by Order entered on October 20, 2014, the Court directed Appellants to, within ten (10) days of the entry of that Order, obtain entry of a final judgment. Also, our Order directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial's order. Finally, our Order of October 20, 2014, provided "[f]ailure to comply with this order within the time provided herein could result in this appeal being dismissed without further notice." As of this date, however, the Clerk of this Court has not received a certified, supplemental record for this matter.

The order appealed in this matter is not a final judgment. Thus, the Court lacks subject matter jurisdiction, and this appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice, and the case is remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Michael J. Karel and Joy A. Karel, and their surety, for which execution may issue if necessary.

**PER CURIAM**

2